21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Shaun Renell HUDSON, Appellant.
 No. 93-3341.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 18, 1994.
Filed: April 6, 1994.
 
 Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 A jury convicted Shaun Hudson on seven counts of drug-related offenses. Hudson received a sentence of 240 months (twenty years) followed by eight years of supervised release.[1] Hudson now appeals his conviction, contending that the district court: (1) constructively amended the indictment, (2) erroneously failed to suppress evidence and (3) abused its discretion by granting a two-level enhancement based on hearsay testimony. We affirm.
 
 I.
 
 2
 A grand jury charged Hudson in an eight-count indictment following an investigation into three crack houses allegedly controlled by Hudson.
 
 
 3
 The events giving rise to the charges are as follows. During the execution of a search warrant at 116 Madison in February 1992, police found Hudson in the basement with a loaded pistol (the Charter Arms). The officers also seized cocaine lying near Hudson. Police also seized a short-barreled rifle (the Marlin) from an unidentified female in a different part of the house.
 
 
 4
 After his arrest, Hudson consented to a search of a nearby apartment. Police entered using a key provided by Hudson and found Cheryl Woolford (Hudson's girlfriend), cocaine base, currency, a scale and other ammunition.
 
 
 5
 After receiving his Miranda warnings, Hudson admitted he sold cocaine out of 116 Madison and that the drugs police found there belonged to him. Several months later, in June 1992, police arrested Hudson and Woolford again, this time outside a motel. Officers found crack in Hudson's jacket and Woolford later revealed that she sold cocaine for Hudson.
 
 
 6
 Police next executed another warrant at a residence in Rock Hill, Missouri, in August 1992. There, police found Hudson along with crack cocaine and drug processing equipment.
 
 
 7
 The jury found Hudson guilty on all counts except one count of possession with intent to distribute cocaine (count VIII). At the sentencing hearing, the Government called two police officers as witnesses, both of whom testified that Woolford told them she sold cocaine for Hudson. The trial court applied a two-level enhancement to Hudson's base offense level in light of his leadership role, and sentenced him to 240 months in prison.
 
 II.
 
 8
 The indictment in this case charged Hudson with possession of a specific firearm, the Charter Arms .32 revolver. At trial, over defendant's objection, the Government introduced into evidence the Charter Arms pistol and the Marlin seized during the February 1992 search. Relying primarily upon United States v. Leichtnam, 948 F.2d 370 (7th Cir. 1991), Hudson contends that the instructions, which failed to specify the firearm, modified the indictment constituting per se reversible error. We disagree.
 
 
 9
 A constructive amendment of an indictment occurs when the jury instructions permit the jury to convict the defendant on any factual basis which modified an essential element of the crime charged. Leichtnam is distinguishable and not persuasive authority in this case. In Leichtnam, two guns were seized from the house that was searched. The defendant in Leichtnam, however, owned the house that was searched; Hudson was not the owner of 116 Madison. In each case the indictments specified the weapon subject to the "carrying" charge, and both convictions rested on jury instructions that did not specify the particular weapon subject to the charge. Yet the evidence in this case in no way suggested any connection between Hudson and the uncharged Marlin, whereas in Leichtnam testimony was presented that defendant usually carried a handgun-and the uncharged weapons in that case were two handguns. Here there was not a substantial likelihood that Hudson was convicted of an offense other than that charged in count V of the indictment. See United States v. Johnson, 934 F.2d 936, 941-42 (8th Cir. 1991). We conclude, therefore, that the evidence of the Marlin did not constructively amend the indictment.
 
 
 10
 Hudson's remaining arguments are without merit. We cannot say that the district court clearly erred in applying United States v. Leon, 468 U.S. 897 (1984). Lastly, the district court did not abuse its discretion by crediting the testimony of the officers and enhancing Hudson's offense level by two levels for his leadership role.
 
 
 11
 The judgment is affirmed.
 
 
 
 [1]
 Hudson is 21 years of age. He has one prior drug-related conviction at age 17. The heavy sentence was authorized by the guidelines primarily because of his possession of 87 grams of cocaine base which for sentencing purposes has a 100 to 1 ratio to cocaine. In this case the equivalent sentence attributable to cocaine calls for five to 15 kilograms (5000-15,000 grams)